DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**SHARON R. CAMPBELL-MARSHALL,**

        **Plaintiff,**

**v.**

        **Case No: 08-2320-CM-DJW**

**JC PENNY COMPANY, INC.,**

        **Defendant.**

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration for Appointment of Counsel (doc. 13).  Plaintiff is proceeding in this matter *pro se*.  After the Court entered its Order Denying Motion for Appointment of Counsel (doc. 8), Plaintiff filed her Motion for Reconsideration, asking the Court to reconsider its Order and appoint counsel to represent her in this matter.  The time to respond to Plaintiff's Motion for Reconsideration expired on September 23, 2008, and no response was filed.  Thus, the Motion for Reconsideration is unopposed and is now ripe for decision.  The Court has review the Motion for Reconsideration and, for the reasons set forth below, the Court will deny Plaintiff's Motion for Reconsideration.

## I.      BACKGROUND

Plaintiff alleges that her former employer, Defendant J.C. Penny Company, Inc. violated her rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.[1]  Plaintiff alleges that she was treated unfairly and was forced to endure discriminatory

_____

[1] *See* Civil Complaint (doc. 1).

practices by Defendant.[2]  Plaintiff also claims that she was deliberately sabotaged by her immediate

manager and was later wrongfully terminated from her employment based on this sabotage.[3]

On July 14, 2008, Plaintiff filed her Motion for Appointment of Counsel (doc. 3).  In

response to this request, the Court directed the Equal Employment Opportunity Commission

("EEOC") to produce to the Court Plaintiff's EEOC investigative file related to this case to

determine whether the case has merit.[4]   On August 13, 2008, after reviewing the EEOC

investigative file and Plaintiff's Motion for Appointment of Counsel, the Court denied Plaintiff's

Motion for Appointment of Counsel for three reasons: (1) Plaintiff failed to contact five attorneys

to represent her in this matter and therefore failed to show diligence in attempting to secure counsel;

(2) Plaintiff appears capable of representing herself in this non-complex case, and (3) Plaintiff's

claims do not have sufficient merit to warrant the appointment of counsel.[5]  Plaintiff then filed her

Motion for Reconsideration on September 9, 2008.

## II.    STANDARD

Although the Federal Rules of Civil Procedure do not provide for motions for reconsidera-

tion,[6] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses

reconsideration of non-dispositive rulings.  Pursuant to D. Kan. Rule 7.3(b), motions seeking

---

[2] *See id.*

[3] *See id.*

[4] *See* Order for Reproduction of Records of the Equal Employment Opportunity Commission (doc. 5).

[5] *See* Order Denying Motion for Appointment of Counsel (doc. 8).

[6] *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

reconsideration of non-dispositive orders, such as the Court's Order Denying Motion for Appointment of Counsel, must be filed within ten days after the filing of the Order. In addition, according to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[7]

> A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.[8]

"The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice."[9]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[10] Nor is a motion to reconsider to be used as "a second chance

---

[7] *See Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[8] *Doerge v. Crum's Enters, Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989)).

[9] *Classic Communc'ns, Inc. v. Rural Tel. Svc., Co.,* 180 F.R.D. 397, 399 (D. Kan. 1998) (citations and quotations omitted).

[10] *See Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).

when a party has failed to present it strongest case in the first instance."[11]  Improper use of motions

to reconsider "can waste judicial resources and obstruct the efficient administration of justice."[12]

Reconsideration may, however, be "appropriate where the court has misapprehended the facts, a

party's position, or the controlling law."[13]

## III.   ANALYSIS

The Court has reviewed the Motion for Reconsideration and finds that Plaintiff has failed

to show that the Court should reconsider its Order Denying Motion for Appointment of Counsel

(doc. 8).  First, Plaintiff has not identified an intervening change in controlling law that would

require reconsideration.

Second, Plaintiff has not identified any new evidence that would require the Court to

reconsider its Order.  While Plaintiff explained that she contacted at least five attorneys in an effort

to obtain counsel to represent her in this matter, this new information alone is not sufficient for the

Court to grant Plaintiff's Motion for Reconsideration.  Plaintiff does not identify any new evidence

that would cause the Court to reconsider its finding that Plaintiff's Civil Complaint and EEOC

investigative file fail to show that Plaintiff's claims have sufficient merit to warrant the appointment

of counsel.  Plaintiff's Motion for Reconsideration simply re-alleges factual events and actions taken

by Defendant which allegedly violated her rights under Title VII of the Civil Rights Act of 1964 and

---

[11] *Steinert v. Winn Group, Inc.*, No. Civ. A. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[12] *RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[13] *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

4

the Age Discrimination in Employment Act of 1967.[14]  Plaintiff previously alleged, and the Court already considered before issuing its Order Denying Motion for Appointment of Counsel, substantially similar allegations concerning Defendant's alleged actions.  Plaintiff, through her Motion for Reconsideration, essentially seeks a second chance to have the Court review the same and similar arguments and allegations concerning Defendant's alleged actions.  The Court will not reconsider its Order based on these same arguments and allegations.  The Court finds that Plaintiff has not met her burden to show new evidence that requires reconsideration of its Order Denying Motion for Appointment of Counsel.

Third, Plaintiff has not identified any clear error or manifest injustice that the Court must correct or prevent.  Finally, Plaintiff failed to timely file her Motion for Reconsideration.  The Court entered its Order Denying Motion for Appointment of Counsel on August 13, 2008.  According to D. Kan. Rule 7.3(b), any motion to reconsider the Order was due within ten days of this entry, or Monday, August 25, 2008.  Plaintiff filed her Motion for Reconsideration on September 9, 2008.  Thus, Plaintiff's Motion for Reconsideration was not timely.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Motion for Reconsideration should be denied because the Motion for Reconsideration was not timely, and Plaintiff failed to show any intervening change in controlling law, new evidence, or a need to correct clear error or prevent manifest injustice that would require the Court to reconsider its Order Denying Motion for Appointment of Counsel (doc. 8).  Thus, the Court declines to reconsider its Order.

---

[14] *See* Pl.'s Mot. for Reconsideration for Appointment of Counsel (doc.13).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration for Appointment of Counsel (doc. 13) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 8th day of October 2008.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties

6